IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02842-GPG

MICHAEL TODD RICKS-BEY,

    Plaintiff,

v.

DEPARTMENT OF VETERANS AFFAIRS, and
REUBEN MESTAS, Regional Office Director,

    Defendants.

## ORDER TO SHOW CAUSE

    Plaintiff, Michael Todd Ricks-Bey, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Ricks-Bey has filed *pro se* a Prisoner Complaint (ECF No. 1). The court must construe the Prisoner Complaint liberally because Mr. Ricks-Bey is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Ricks-Bey will be ordered to show cause why the action should not be dismissed for lack of subject matter jurisdiction.

    Mr. Ricks-Bey does not provide a short and plain statement of his claims that demonstrate he is entitled to relief in this action as required by Rule 8 of the Federal Rules of Civil Procedure. Nevertheless, it is apparent he is seeking a declaratory judgment that he is entitled to compensation for service-connected disabilities from the United States Department of Veterans Affairs. It also appears that Mr. Ricks-Bey previously filed an

administrative claim for disability benefits that was denied.

Pursuant to Fed. R. Civ. P. 12(h)(3), the court must dismiss an action if the court lacks subject matter jurisdiction.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The issue of subject matter jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).

The relevant federal statutes provide a multi-tiered framework for adjudicating claims involving veterans benefits. First,

> [t]he Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). If the veteran's claim is denied, the veteran may appeal to the Board of Veterans' Appeals pursuant to 38 U.S.C. § 7104. *See Burkins v. United States*, 112 F.3d 444, 447 (10th Cir. 1997). A veteran who seeks judicial review then may proceed to the Court of Appeals for Veterans Claims pursuant to 38 U.S.C. § 7225 and then to the United States Court of Appeals for the Federal Circuit pursuant to 38 U.S.C. § 7292. *See*

*id.* Under this statutory scheme, a federal district court lacks subject matter jurisdiction over a claim by a veteran for disability benefits or for judicial review of an administrative decision in an individual case. *See Weaver v. United States*, 98 F.3d 518, 519 (10th Cir. 1996); *see also Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1020 (9th Cir. 2012) ("In cases involving benefits owed to veterans, Congress has created a scheme conferring exclusive jurisdiction over claims affecting veterans' benefits to some federal courts, while denying all other federal courts any jurisdiction over such claims.")

For these reasons Mr. Ricks-Bey will be ordered to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Accordingly, it is

ORDERED that, **within thirty (30) days form the date of this order**, Mr. Ricks-Bey show cause why this action should not be dismissed for lack of subject matter jurisdiction. It is

FURTHER ORDERED that if Mr. Ricks-Bey fails to show good cause as directed within the time allowed the action will be dismissed without further notice.

DATED January 19, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge