IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02842-GPG

MICHAEL TODD RICKS-BEY,

    Plaintiff,

v.

DEPARTMENT OF VETERANS AFFAIRS, and
REUBEN MESTAS, Regional Office Director,

    Defendants.

---

ORDER

---

    Plaintiff, Michael Todd Ricks-Bey, is a prisoner in the custody of the Colorado Department of Corrections ("DOC"). Mr. Ricks-Bey initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) seeking a declaratory judgment that he is entitled to compensation for service-connected disabilities from the United States Department of Veterans Affairs. On January 19, 2016, the court ordered Mr. Ricks-Bey to show cause why this action should not be dismissed for lack of subject matter jurisdiction. In response, Mr. Ricks-Bey has filed a "Petition to Respond to Court Order to Show Cause" (ECF No. 10) and a "Petition for Leave to Amend Original Complaint" (ECF No. 11). Mr. Ricks-Bey also has tendered to the court a proposed amended Prisoner Complaint (ECF No. 11-1) in which he asserts constitutional claims against prison officials regarding the conditions of his confinement in addition to a claim against the Department of Veterans Affairs.

    Mr. Ricks-Bey may file an amended complaint once as a matter of course without

leave of court at this stage of the proceedings. See Fed. R. Civ. P. 15(a). Therefore, the "Petition for Leave to Amend Original Complaint" (ECF No. 11), although technically unnecessary, will be granted and the clerk of the court will be directed to file the tendered amended Prisoner Complaint.

The Court must construe the amended complaint liberally because Mr. Ricks-Bey is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a pro se litigant. See Hall, 935 F.2d at 1110. Mr. Ricks-Bey will be ordered to file a second amended complaint if he wishes to pursue any claims in this action.

The amended Prisoner Complaint is deficient for several reasons. First, Mr. Ricks-Bey does not address in the amended Prisoner Complaint or in his "Petition to Respond to Court Order to Show Cause" (ECF No. 10) the issue of jurisdiction over his claim against the Department of Veterans Affairs. The fact that Mr. Ricks-Bey has filed an amended pleading asserting constitutional claims over which the court does have subject matter jurisdiction does not demonstrate the court has jurisdiction over his claim for compensation for service-connected disabilities against the Department of Veterans Affairs. Therefore, if Mr. Ricks-Bey wishes to pursue his claim against the Department of Veterans Affairs, he must file a second amended complaint that identifies the statutory authority that allows the court to consider that claim.

The constitutional claims Mr. Ricks-Bey asserts in the amended Prisoner Complaint also are deficient. One of the constitutional claims is an Eighth Amendment

claim in which Mr. Ricks-Bey alleges he has not received adequate medical treatment while incarcerated. The other constitutional claim is a due process claim premised on an alleged deprivation of personal property. Both claims are deficient because Mr. Ricks-Bey fails to allege specific facts in support of either claim that demonstrate he is entitled to relief from the prison wardens he lists as Defendants in the amended Prisoner Complaint.

Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Neither the court nor Defendants are required to guess in order to determine the specific factual allegations that are being asserted in support of each claim.

In order to state a cognizable claim in federal court Mr. Ricks-Bey must identify the specific factual allegations that support each claim and what each Defendant did that allegedly violated his rights. See *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must

explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The Court emphasizes that allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("[i]ndividual liability . . . must be based on personal involvement in the alleged constitutional violation."). Such allegations are essential because § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). A defendant may not be held liable in a § 1983 action for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

In order to state an arguable Eighth Amendment claim Mr. Ricks-Bey must allege facts that demonstrate deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). "A claim of deliberate indifference includes both an objective and a subjective component." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). "A medical need is considered sufficiently serious to satisfy the

objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1192-93 (internal quotation marks omitted). To the extent Mr. Ricks-Bey may be asserting an Eighth Amendment claim premised on a delay in providing adequate medical care, he must allege specific facts that demonstrate the delay resulted in substantial harm. *See id.* at 1193. "[T]he substantial harm caused by a delay in treatment may be a permanent physical injury, or it may be an intermediate injury, such as the pain experienced while waiting for treatment and analgesics." *Id.* (internal quotation marks omitted). Under the subjective prong, 'a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

With respect to due process, Mr. Ricks-Bey must allege facts that demonstrate he was deprived of a constitutionally protected property interest without adequate due process. If the personal property that is the subject of the due process claim was contraband, Mr. Ricks-Bey was not deprived of a protected property interest. *See Steffey v. Orman*, 461 F.3d 1218, 1221-23 (10th Cir. 2006); *Kunze v. Bertsch*, 477 F. Supp.2d 1038, 1053 (D.N.D. 2007). Furthermore, even if Mr. Ricks-Bey was deprived of a constitutionally protected interest in his personal property, "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other*

grounds by *Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that an unauthorized intentional deprivation of property by a state employee does not violate due process if an adequate postdeprivation remedy for the loss is available).

Finally, Mr. Ricks-Bey may not combine separate and unrelated claims against various Defendants in one action. Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." However, the issue of whether multiple Defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) **Defendants.** Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Mr. Ricks-Bey does not allege facts that demonstrate his claim against the Department of Veterans Affairs properly may be joined in one action with his claims against prison officials regarding the conditions of his confinement. The fact that some of the same medical issues may be relevant to his claim against the Department of Veterans Affairs and one of the constitutional claims is not enough to demonstrate that

joinder is proper.   It also is not clear whether Mr. Ricks-Bey may assert his Eighth Amendment claim in the same action as his due process claim.   Accordingly, it is

ORDERED that the "Petition for Leave to Amend Original Complaint" (ECF No. 11) is GRANTED.   It is

FURTHER ORDERED that the clerk of the court file the tendered amended Prisoner Complaint (ECF No. 11-1).   It is

FURTHER ORDERED that Mr. Ricks-Bey file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order.   It is

FURTHER ORDERED that Mr. Ricks-Bey shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Ricks-Bey fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 23, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge